UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

POLARGRID LLC,

                                                                                                   04 Civ. 9578 (TPG)

        Plaintiff,

  -against-

VIDESH SANCHAR NIGAM LIMITED,

        Defendant.

---------------------------------------------------------------x

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT'S SUPPLEMENTAL MOTION TO DISMISS**

BROWN RUDNICK BERLACK ISRAELS LLP
Seven Times Square
New York, NY 10036

Peter Adelman, Esq.

BROWN RUDNICK BERLACK ISRAELS LLP
185 Asylum Street, City Place I
Hartford, CT 06103

Mark S. Baldwin, Esq.
Elizabeth A. Fowler, Esq.

**Table of Contents**             **Page**

TABLE OF AUTHORITIES ..................................................................................... ii

PRELIMINARY STATEMENT ............................................................................... 1-3

STATEMENT OF FACTS ........................................................................................ 3-5

ARGUMENT .............................................................................................................. 5-11

    I.   **Polargrid's Affiliates are Not Necessary Parties to This Litigation.** ...... 5-9

    II.  **Polargrid's Affiliates are Not Indispensable Parties to Its Lawsuit.** ..... 9-11

CONCLUSION ........................................................................................................... 11

**Table of Authorities**

**Cases**                                                                                                                **Page(s)**

Allen v. McCurry,
449 U.S. 90 (1980). ……...……………………………………………………………...8, 10

Maharaj v. BankAmerica Corp.,
128 F.3d 94 (2d Cir. 1997). …………………………………………………………………….8

Parker Rust-Proof Co. v. Western Union Tel. Co.,
105 F.2d 976 (2d Cir. 1939). ……………………………………………………………………10

Southeastern Sheet Metal Joint Apprenticeship Training Fund v. Barsuli,
950 F. Supp. 1406 (E.D. Wis. 1997). ……………………………………………….……….6-9


**Federal Rules**

Local Rule of the U.S.D.C. for the Southern and Eastern Districts of New York 6.1(b)……...1

Fed. R. Civ. P. 8(a) ……………………………………………………………………………….2

Fed. R. Civ. P.12(b)(7) …………………………………………………………………………...2

Fed. R. Civ. P. 19 …………………………………………………………………………2, 6, 9

Fed. R. Civ. P. 26(f) ………………………………………………………………………………2

Fed. R. Civ. P.30(b)(6) ……………………………………………………………………………3

Fed. R. Evid. 701 …………………………………………………………………………………7

Fed. R. Evid. 702 ……………………………………………………………………………….7

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION**
**TO DEFENDANT'S SUPPLEMENTAL MOTION TO DISMISS**

Pursuant to Local Rule of the United States District Court for the Southern and Eastern Districts of New York 6.1(b), Plaintiff Polargrid LLC ("Polargrid") respectfully submits this memorandum of law in opposition to the supplemental motion to dismiss filed by defendant Videsh Sanchar Nigam Limited ("VSNL"). For the reasons set forth herein, VSNL's supplemental motion should be denied in its entirety.

**PRELIMINARY STATEMENT**

This matter arose out of VSNL's intentional and anticipatory breach of the parties' Memorandum of Understanding ("MOU"). Polargrid and VSNL executed the MOU, which provided for Polargrid to withdraw from an auction for an international undersea fiber optic cable system; and for VSNL to provide Polargrid dark fiber rights and to invest $35 million in Polargrid, if VSNL successfully acquired the fiber optic cable system at auction. Polargrid fulfilled its obligations under the MOU. However, VSNL, having successfully acquired the fiber optic cable system, repudiated its obligations under the MOU.

Polargrid initiated this lawsuit against VSNL as the only signatory to the MOU on December 6, 2004. VSNL, in an artless effort to thwart the forward progress of this matter, filed a Motion to Dismiss on December 20, 2004, challenging the sufficiency of service of process. Notably, by the time VSNL filed its Motion to Dismiss, or shortly thereafter, VSNL had been served with several copies of the Complaint by using several different methods of service, including ultimately having the Clerk of Court mail process to VSNL via Federal Express. In its

Motion to Dismiss, VSNL further argued that the Complaint was insufficient pursuant to Federal Rule of Civil Procedure 8(a) in that a copy of the MOU was not attached to the Complaint when it was served and filed.  VSNL refused to participate in a Rule 26(f) conference or otherwise engage in discovery until the Court ruled on its dilatory motion.  Polargrid's counsel requested, and the Court held a status conference in this matter in March 2005.  During that conference, the Court advised VSNL that service of process on VSNL was sufficient and directed VSNL to engage immediately in discovery.  Since that time, the parties have engaged in considerable discovery, which continues.

On April 3, 2006, before the Court ruled formally on VSNL's original Motion to Dismiss, VSNL filed a second "supplemental" Motion to Dismiss, arguing under Federal Rules of Civil Procedure 12(b)(7) and 19 that this matter should now be dismissed for Polargrid's failure to include a necessary and indispensable party.  On April 7, 2006, the Court denied in its entirety VSNL's original Motion to Dismiss; the supplemental Motion to Dismiss is *sub judice*.

In this supplemental motion, VSNL now asks this Court to ignore the language of the MOU to find that non-parties to the MOU are necessary and indispensable parties.  VSNL does not hide the fact that its supplemental motion to dismiss is designed solely to destroy this Court's jurisdiction over the matter.  In effect, VSNL contends that this 16 month old action should be dismissed and Polargrid should "start over" in state court.  Once again, VSNL refuses to address the merits of this litigation and places form over substance to create further delay.  This Court should similarly reject VSNL's latest tactical ploy and force VSNL to address finally the merits of Polargrid's claims.

In its effort to avoid the merits, VSNL now claims that the lawsuit should be dismissed because Polargrid failed to join certain of its affiliates as necessary and indispensable parties. VSNL seeks joinder of Polargrid's affiliates solely to destroy diversity jurisdiction to deprive the Court of its jurisdiction over the matter. VSNL bases its argument upon the irrelevant deposition testimony of James Hickman, a non-lawyer fact witness, regarding his legal interpretation of the parties' rights and obligations under the MOU.[1] Such testimony is irrelevant and hardly admissible because the MOU speaks for itself. VSNL cannot create and rewrite the parties' rights and obligations after it has breached the MOU. It remains that Polargrid LLC fully performed its obligations under the MOU and now seeks to enforce its rights under it. Moreover, any rights or obligations of Polargrid's affiliates are virtually identical to those of Polargrid under the MOU and will be adequately protected and pursued by Polargrid in this action. Accordingly, this Court should reject VSNL's latest tactical ploy and force VSNL to address finally the merits of Polargrid's claims.

## STATEMENT OF FACTS

The operative facts are set forth in the complaint – which is controlling for present purposes. A brief summary will be provided herein.

On or about June 28, 2004, Polargrid and VSNL executed the MOU, under which Polargrid represented that it would abandon its own efforts to acquire access to capacity on a global network of undersea and terrestrial fiber optic cable, as well as certain usage rights (collectively, "TGN"), owned by Tyco International, Ltd. ("Tyco"), an affiliate of TycoTel.

---

[1] It should be noted that VSNL did not notice Mr. Hickman's deposition as a designated corporate witness for Polargrid, pursuant to Fed.R.Civ. P 30(b)(6). Rather, he was called to testify as an individual fact witness.

- 3 -

Under the MOU, Polargrid would further support VSNL's bid for TGN. After intense negotiations, Polargrid entered into the MOU "for itself and on behalf of its subsidiaries and affiliates constituting the entire family of Polarnet companies (collectively "Polarnet" or the "Company").

In return for Polargrid's withdrawal as a competitor, VSNL agreed to sell the needed TGN capacity to Polargrid at a price set by formula and also to invest $35 million in Polargrid, in the form of a convertible debenture issued by Polargrid. Polargrid immediately satisfied its obligation to withdraw formally from the bidding on TGN and assisted VSNL in its effort to acquire TGN. On October 27, 2004, VSNL informed Polargrid in writing of its position that VSNL had no further obligations under the MOU. VSNL attempted to blame Tyco for its decision to repudiate the MOU, asserting that "Tyco has been adamant that they will not accept Polarnet [sic] as part of the deal." Within the same week, VSNL announced that it had agreed with Tyco to acquire TGN for $130 million.

Polargrid initiated this lawsuit on December 6, 2004 for breach of contract and declaratory judgment based upon VSNL's repudiation and breach of the MOU subsequent to its successful acquisition of the TGN, and in the alternative, promissory estoppel. VSNL's breach placed the entire Polargrid business plan at risk and exposed Polargrid to the loss of anticipated profits amount to hundreds of millions of dollars. In its complaint, Polargrid seeks relief, *inter alia*, in the form of monetary damages resulting from VSNL's failure to invest $35 million in Polargrid and failure to provide Polargrid the dark fiber capacity. VSNL moved to dismiss the

complaint on December 20, 2004 for improper service and failure to state a claim. The Court denied VSNL's motion on April 7, 2006.

On April 3, 2006, VSNL filed a supplemental motion to dismiss based upon similarly technical arguments that Polargrid failed to join its affiliates as necessary and indispensable parties, thereby destroying this Court's jurisdiction over this matter.[2] Notably, VSNL accepted Polargrid as the sole signatory on the MOU and relied upon its ability to bind its affiliates to the MOU; however, it now asks this Court to find that Polargrid cannot adequately represent its affiliates' interests as they relate to VSNL's breach of the MOU. Polargrid's affiliates are not necessary or indispensable parties for the just adjudication of this lawsuit. Accordingly, VSNL's supplemental motion should be dismissed.

## ARGUMENT

### I. Polargrid's Affiliates are Not Necessary Parties to This Litigation.

Polarnet Project Ltd., ZAO Polarnet and Polarnet Project Holdings are not necessary parties to this lawsuit, as argued by VSNL, because complete relief can be granted among the existing parties and any interests the Polargrid affiliates might have in this litigation are represented and protected by Polargrid LLC. Indeed, the parties' course of conduct reflects that the parties accepted Polargrid's representation of the rights of its affiliates. VSNL now asks this Court to reject the ability of Polargrid to protect the interests of its affiliates under the MOU, despite the fact that their interests under the MOU are identical.

---

[2] Concurrent with this Opposition to VSNL's Supplemental Motion to Dismiss, Polargrid has filed a Motion to Amend its Complaint. If Polargrid's Motion to Amend is granted, VSNL's Supplemental Motion to Dismiss is moot.

The joinder of parties is controlled by Rule 19 of the Federal Rules of Civil Procedure. Rule 19 defines a two-step process. In the first step under Rule 19(a), the court determines whether a party is necessary, i.e., one who must be joined if feasible to do so. Joinder is not feasible if it will deprive the court of subject matter jurisdiction. If the party is necessary but joinder is not feasible, the court must then determine under Rule 19(b) whether the party is indispensable or whether "in equity and good conscience the action should proceed among the parties before it." Fed. R. Civ. P. 19(b).

A party is necessary under Rule 19(a) if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. Fed. R. Civ. P. 19(a). This inquiry is "a practical one and fact specific, and is designed to avoid the harsh results of rigid application. It should not be based upon formalistic or mechanistic grounds but rather on pragmatic analysis of the effect of a potential party's absence. The moving party has the burden of persuasion in arguing for dismissal." Southeastern Sheet Metal Joint Apprenticeship Training Fund v. Barsuli, 950 F. Supp. 1406, 1414 (E.D. Wis. 1997).

Here, VSNL relies upon the testimony of a lay, fact witness, Mr. Hickman, to interpret the legal obligations and rights of the parties under the MOU and the legal claims asserted by the parties and purported potential claimants. However, Mr. Hickman was not

designated a corporate witness for Polargrid or its affiliates.  His assessment and interpretation of legal claims and damages pursuant to the MOU and the complaint are wholly irrelevant to whether the Polargrid affiliates are necessary parties.  See Fed. R. Evid. 701, 702.

Indeed, the court may grant complete relief between the existing parties, Polargrid and VSNL, without the joinder of the so-called Polargrid affiliates.  The Polargrid affiliates have not asserted any claimed interest relating to the MOU and would not assert any interest different from those currently asserted by Polargrid.  Nor are they so situated that their absence will impair or impede their ability to protect their interests.  "Impairment may be minimized if the absent party is adequately represented in the suit, i.e., if there is another party in the suit with virtually identical interests who would be advancing virtually the same legal and factual positions."  Southeastern Sheet Metal Joint Apprenticeship Training Fund, 950 F. Supp. at 1414.  Polargrid possesses virtually identical interests to any that might be pursued by one of its affiliates.  In fact, Polargrid and its unnamed affiliates are treated as one entity under the MOU and any rights and obligations running to or from Polargrid are conferred or imposed upon Polargrid and its affiliates.  Once allowed to address finally the merits of its claims, Polargrid seeks to enforce such rights under the MOU by advancing the same legal and factual positions that any of its affiliates would pursue.  Polargrid's affiliates have not attempted to intervene in this lawsuit to protect any interest they may have or that they believe to be inadequately represented by Polargrid.[3]  See id.

---

[3] VSNL's purported concern that Polargrid's affiliates may pursue claims against it in another forum in the United States or "elsewhere in the world" is completely without merit.  Once again demonstrating its habit of ignoring the MOU's plain language, VSNL claims that these affiliates are parties to the MOU.  Further, it ignores the MOU's

Moreover, VSNL is not "subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest" because the affiliates' claims would likely be barred by the doctrine of *res judicata*. See Allen v. McCurry, 449 U.S. 90, 94 (1980) (stating that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."). Polargrid's affiliates' interests under the MOU are virtually identical to those of Polargrid; the affiliates could only assert claims pursuant to the MOU substantially identical to those currently asserted by Polargrid. As previously discussed, Polargrid and its affiliates are treated as essentially one entity under the MOU. See Maharaj v. BankAmerica Corp., 128 F.3d 94, 97 (2d Cir. 1997) (stating that "the doctrine of res judicata, or claim preclusion, provides that '[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.' Simply put, … that judgment will bar any subsequent litigation by the same parties or those in privity with them concerning 'the transaction, or series of connected transactions, out of which the [first] action arose.'). It would defy common sense for the parties to negotiate extensively an agreement, represented by sophisticated counsel, where Polargrid is the sole party, and then, allow VSNL to use that fact to deprive this Court of jurisdiction because the rights of "affiliates" might be affected.

---

provision that any such claims must be brought in "a federal or state court located within the City and County of New York, New York." MOU at 10.

- 8 -

On these facts alone, the Court should find that the Polargrid affiliates are not necessary parties to this lawsuit.  See Southeastern Sheet Metal Joint Apprenticeship Training Fund, 950 F. Supp. at 1414 (finding that similarly-situated non-party was not a necessary party under Rule 19(a)).

### II.    Polargrid's Affiliates are Not Indispensable Parties to Its Lawsuit.

Even if the Court were to find that Polargrid's affiliates are necessary parties, joinder is not feasible because it would destroy this Court's subject matter jurisdiction.  Accordingly, the Court still must "determine whether in equity and good conscience the action should proceed" without Polargrid's affiliates.  Fed. R. Civ. P. 19(b).  If this matter can proceed without Polargrid's affiliates, then they are not indispensable parties.  Rule 19(b) gives four non-exclusive factors for courts to consider in making this determination: (1) to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.  Fed. R. Civ. P. 19(b).

Judgment rendered in the absence of the Polargrid affiliates will not prejudice the affiliates or the parties to this litigation.  As previously discussed, Polargrid possesses virtually identical interests to its affiliates and will adequately pursue such interests in this litigation.  Neither the parties nor Polargrid's affiliates will suffer injury when the Court renders judgment

- 9 -

without the affiliates as parties to this matter.  Polargrid's affiliates, aware of this pending matter, have made no intimation that their interests are not adequately represented by Polargrid.

VSNL would not be prejudiced by judgment in the absence of Polargrid's affiliates due to any purported multiple litigation and inconsistent relief.  As discussed above, the affiliates' claims would likely be barred by the doctrine of *res judicata*.  See Allen, 449 U.S. at 94 (1980) (stating that "a final judgment on the merits of an action precludes the parties *or their privies* from relitigating issues that were or could have been raised in that action.") (emphasis added).  Thus, VSNL would not face multiple litigation filed by Polargrid's affiliates, resulting in inconsistent relief.

Moreover, the Court's ruling as to Polargrid's declaratory judgment claim would determine the rights of all parties to the MOU in that Polargrid and its affiliates have virtually identical rights and obligations under the MOU, which Polargrid will adequately prosecute in this action.  Finally, Polargrid would be unduly prejudiced if its complaint were dismissed.  VSNL's defense of this matter to date, placing form and procedure over substance, has been costly to Polargrid in this forum.  Indeed, this matter is now well over a year old.  It is without doubt that VSNL will assert similarly baseless, technical arguments before allowing Polargrid to reach the merits of its claims in any other forum.  Cf.  Parker Rust-Proof Co. v. Western Union Tel. Co., 105 F.2d 976, 979 (2d Cir. 1939) (stating that "[t]he doctrine that one whose interests will be affected by a decree must be made a party to the suit is an equitable doctrine, and a court of equity should not apply it, we think, where special circumstances would make its application

- 10 -

inequitable."). Accordingly, Polargrid's action against VSNL can proceed without its affiliates in equity and good conscience and VSNL's motion to dismiss should be denied.

## CONCLUSION

For the foregoing reasons, VSNL's supplemental motion to dismiss should be denied.

Dated: New York, New York
      April 20, 2006

                                POLARGRID LLC
                                By their attorneys,

                                /s/ Peter Adelman_____
                                Peter Adelman (PA-1562)
                                BROWN RUDNICK BERLACK ISRAELS LLP
                                Seven Times Square
                                New York, NY 10036
                                (212) 209-4800

                                and

                                Mark S. Baldwin (MB-0546)
                                Elizabeth A. Fowler (EF-2161)
                                BROWN RUDNICK BERLACK ISRAELS LLP
                                City Place I, 185 Asylum Street
                                Hartford, CT  06103-3402
                                (860) 509-6500

**CERTIFICATE OF SERVICE**

      This is to certify that on this 20th day of April, 2006, a copy of the foregoing was sent, via first-class mail, to:

Paul F. Doyle, Esq.
William R. Golden, Jr., Esq.
Michelle M. Graham, Esq.
Matthew D. Marcotte, Esq.
Kelley Drye & Warren LLP
101 Park Avenue
New York, NY  10178

                /s/ PeterAdelman
                Peter Adelman